Frank J. VADALA and Winifred L. Vadala, his wife, Plaintiffs Below, Appellants,

v.

ANCHOR HOCKING CORPORATION (formerly Anchor Hocking Glass Corporation), a Delaware Corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

Argued May 12, 1975.

Decided July 11, 1975.

William E. Taylor, Jr., Wilmington, for plaintiffs below, appellants.

James T. McKinstry, Richards, Layton & Finger, Wilmington, for defendant below, appellee.

Before DUFFY and McNEILLY, JJ., and MARVEL, Vice Chancellor.

PER CURIAM:

In this claim for personal injuries the Superior Court entered judgment for the landowner on all theories of liability including, respectively, those based on failure to provide a safe place to work and control of the work being performed by plaintiff at the time of injury.

The work was being done in New Jersey and liability is determined by the law of that State. Applying that law, we con-

**164**

clude that the Superior Court was correct in all respects and its judgment must therefore be affirmed.

 As to plaintiff's first theory, it is settled law in New Jersey that a landowner has a legal duty to provide a reasonably safe place for a business-invitee to work, cf. *Piro v. Public Service Electric and Gas Company,* 103 N.J.Super. 456, 247 A.2d 678 (1968), aff'd, 53 N.J. 7, 247 A.2d 667 (1968) but, as the Superior Court stated, that rule does not apply to equipment and facilities which an independent contractor has a duty to provide. 41 *Am.Jur.*2d Independent Contractors § 30. In brief, the landowner's "place" does not include that dimension. Here, the contract obliged plaintiff's employer to provide all tools, equipment, services and facilities and, under the circumstances, defendant was not in violation of any duty to provide plaintiff with a safe place to work.

■ As to control of the work, the contract vested that in plaintiff's employer, not in defendant. And the only evidence as to actual control by defendant is insufficient as a matter of law to establish liability.* Cf. *Csaranko v. Robilt, Inc.,* 93 N.J.Super. 428, 226 A.2d 43 (1967).

■ Plaintiff's argument based on the rationale that the work was inherently dangerous and thus not delegable is without merit under the facts. Unquestionably the work was dangerous but not inherently so; indeed it seems clear that the accident occurred because of the manner or means whereby the work was being performed, that is, without the safeguards which plaintiff's employer was obliged to provide. See *Rodrigues v. Elizabethtown Gas Company,* 104 N.J.Super. 436, 250 A.2d 408 (1969).

Finally, plaintiff argues that the deposition of one William Hassler should have been admitted into evidence but we agree with the Superior Court that it lacked probative value.

Affirmed.

---

* The only evidence as to defendant's control in fact was that (a) its agent instructed plaintiff's employer that work was to be done inside, not outside, on the day in question; (b) it controlled the amount of overtime; and (c) it is a much larger corporation than plaintiff's employer. Collectively, this is not sufficient to show actual control of the work in which plaintiff was engaged at the time he was injured.